```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Clearview Software
International, Inc. &
Blue Ivy Solutions, Inc.

    v.                              Civil No. 07-cv-0405-JL
                                        Opinion No. 2008 DNH 181
Christopher E. Ware


**O R D E R**

The plaintiffs commenced this action with a five-count writ of summons in Hillsborough County Superior Court, alleging that the defendant (1) tortiously interfered with the plaintiff's contractual relations, (2) engaged in fraud,[1] and (3) conspired with others in doing so.  The plaintiffs also alleged violations of (4) the New Hampshire Consumer Protection Act, see N.H. Rev. Stat. Ann. 358-A, and (5) the New Hampshire Uniform Trade Secrets Act, see N.H. Rev. Stat. Ann. 350-B.  The defendant, Christopher Ware, timely removed the action and moved to dismiss the complaint, asserting that he lacks sufficient minimum contacts with New Hampshire to be subject to personal jurisdiction in this court.  See Fed. R. Civ. P. 12(b)(2).  The plaintiffs objected, arguing that the court possesses both general and specific jurisdiction over Ware, and requested, in the alternative, an

---

[1] The plaintiffs have since abandoned the fraud claim.

"opportunity to engage in jurisdictional discovery in an effort to uncover additional facts to support their jurisdictional claim."

## I.   Applicable Legal Standard

"It is basic law that a court must have personal jurisdiction over the parties to hear a case, that is, the power to require the parties to obey its decrees." U.S. Swiss American Bank, Ltd., 274 F.3d 610, 617 (1st Cir. 2001).  Where the court's personal jurisdiction over a defendant is contested, the plaintiff bears the burden of establishing that jurisdiction exists.  See Negron-Torres v. Verizon Communications, Inc., 478 F.3d 19, 23 (1st Cir. 2007).  Under the applicable "prima facie standard, . . . the district court considers 'only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction.'"  Negron-Torres, 478 F.3d at 23 (quoting Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992)).  In order to make its prima facie showing, the plaintiff "ordinarily may not rest upon the pleadings but is obliged to adduce evidence of specific facts."  Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 145 (1st Cir. 1995).  The court, in turn, must take those facts "affirmatively alleged by the plaintiff as true

(whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." Mass. Sch. of Law, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998).

## II.  Background

Symbol Technologies, Inc. ("Symbol") designs, manufactures, and sells various computer related products.  The plaintiffs, Clearview Software International, Inc. ("Clearview"), and Blue Ivy Solutions, Inc. ("Solutions")--both companies with a principal place of business in New Hampshire--are authorized resellers of Symbol's products.  At all times relevant to this complaint, the defendant worked for Symbol as its Northeast Channel Account Manager, covering the plaintiffs' New Hampshire offices, which entailed:

- coordinating all business activities that involve Symbol products, services, personnel, business partners, and distributors or resellers;
- coordinating all financing and ordering;
- facilitating introductions between Symbol partners;
- facilitating trade show activities;
- managing equipment training and certification;
- managing conflict in the Symbol business environment, including conflict among Symbol partners or their employees; and
- providing sales prospects to the Symbol resellers in its region.

Ware also managed the accounts of resellers, distributors, and customers of Symbol's products, and served as their primary point of contact. With respect to Symbol's clients located in New Hampshire, which included Solutions, Ware regularly communicated with their representatives and visited them at their offices to conduct business. Solutions' current Chief Executive Officer has alleged that Ware had "weekly, and at times daily" contact with Solutions' employees via telephone calls, e-mails, and face-to-face meetings. In support of these claims, the plaintiffs have identified seven e-mails that Ware sent to Solutions' executives between December 5, 2005, and November 10, 2006.

According to the plaintiffs' Amended Complaint, Ware, in his capacity as Symbol's regional manager, conspired with Solutions' competitors to:

> 1. Misappropriate trade secrets and other proprietary information owned by the plaintiffs, including computer hardware and software, the TEA-Perishable software, customer lists, business pipelines, and customer proposals;
>
> 2. Use this information to secure contracts and business with customers of the plaintiffs; and
>
> 3. Inform customers of the plaintiffs that Blue Ivy Mobility Solutions, LLC--another company that directly competes with Solutions--is, in fact, Solutions with a new name, and has been diverting business,

>           contracts and customers of the plaintiffs to
>           its competitors.

The plaintiffs allege that these claims arise directly out of Ware's specific contacts with New Hampshire.  In particular, the plaintiffs point to an e-mail Ware sent to Gary Bowser, the then-President of Solutions who has since gone to work for Blue Ivy Mobility Solutions, a competitor of Solutions, inquiring about "the new company."  The plaintiffs argue that "this e-mail evidences the defendant's role in facilitating, through his contacts with Bowser in the State of New Hampshire, the establishment of [Blue Ivy] Mobility [Solutions] as a Symbol distributor standing in the shoes of Solutions."

### III. Analysis

Based on the evidence before the court, it is unclear whether Ware possesses sufficient minimum contacts with New Hampshire "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The plaintiffs have, however, presented a claim of jurisdiction that is, at least, colorable.  See U.S. v. Swiss Am. Bank, Ltd., 274 F.3d 610, 626 (1st Cir. 2001) ("a diligent plaintiff who sued an out-of-state corporation and who makes out a colorable case for the

5

existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery").  As the plaintiffs have produced specific e-mails that Ware apparently directed to Solutions' employees in New Hampshire, and which relate, at least arguably, to the plaintiffs' underlying claims, the court concludes that jurisdictional discovery is likely to shed light on whether jurisdiction over Ware is appropriate.  See id. at 625 (explaining the district court's broad discretion to order jurisdictional discovery).

**IV.  Conclusion**

Ware's motion to dismiss (document no. 5) is denied without prejudice to its reinstatement after the plaintiff has had an opportunity to conduct jurisdictional discovery.  The court grants the plaintiffs 60 days to conduct limited discovery, restricted to specific facts that bear on the issue of personal jurisdiction.  The permitted discovery is limited to 20 written interrogatories, and 15 document requests.  The clerk is directed to schedule a show-cause hearing 60 days from the issuance of this order to provide the plaintiffs with an opportunity to persuade the court that its complaint should not be dismissed for lack of personal jurisdiction.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge

Dated:   September 30, 2008

cc:      Cyrus F. Rilee, III, Esq.
         Jennifer Turco Beaudet, Esq.
         Paul R. Kfoury, Sr., Esq.
         Daniel E. Will, Esq.
         Jonathan M. Shirley, Esq.
         Leigh S. Willey, Esq.