UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Clearview Software
International, Inc. and
Blue Ivy Solutions, Inc.</u>

    v.                                 Civil No. 07-CV-405-JL

<u>Christopher E. Ware</u>

**SUMMARY ORDER**

In this business tort action asserting various claims, the defendant, Christopher Ware, has moved to dismiss the Amended Complaint[1] for failing to state a claim upon which relief can be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). Ware argues that the plaintiffs cannot succeed on any of their four counts because their complaint fails to meet the heightened pleading standards applicable to claims rooted in fraud or mistake. <u>See</u> Fed. R. Civ. P. 9(b). The court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity). After oral argument, and for the following reasons, the motion to dismiss is granted, but the plaintiffs are granted leave to file a second amended complaint subject to the court's <u>sua sponte</u> review for sufficiency under Rules 8(a), 9(b), and 12(b)(6).

---

[1](Document no. 9).

I.  **Applicable legal standard**

A motion to dismiss for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).  To avoid a dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The court, however, needs "more than labels and conclusions, and a formulaic recitation of the cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007).

II. **Analysis**

Generally, a complaint need only contain "a short and plain statement of the claim" being asserted.  Fed. R. Civ. P. 8(a)(2). "That proposition, however, is not universally applicable," Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 15 (1st Cir. 2004), and claims sounding in fraud or mistake are subject to heightened pleading standards.  See N. Am. Catholic Educ. Prog. Found., Inc. v. Cardinale, 567 F.3d 8, 15 (1st Cir. 2009).  Under Rule 9(b):

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

Fed. R. Civ. P. 9(b).[2]  This means that a complaint rooted in fraud must specify the "who, what, where, and when of the allegedly false or fraudulent representations."  Rodi, 389 F.3d at 15;[3] see also Cardinale, 567 F.3d at 15 (noting that claims of fraud have been interpreted "expansively to cover associated claims where the core allegations effectively charge fraud").  Further, "Rule 9(b) requires not only specifying the false statements and by whom they were made but also identifying the basis for inferring scienter."  Rodi. 389 F.3d at 13.  If the plaintiffs cannot do so, they "cannot proceed merely on the hope that [they] will find more."  Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 427 (1st Cir. 2007).

At oral argument, the plaintiffs initially maintained that their claims were not rooted in fraud, but conceded that, if they

---

[2] The heightened pleading standards "extend[] only to the particulars of the allegedly misleading statement [and] . . . the other elements of fraud, such as intent and knowledge, may be averred in general terms."  Rodi, 389 F.3d at 15; see also Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

[3] Rule 9(b)'s "reference to 'circumstances constituting fraud' usually requires the claimant to allege at a minimum the identity of the person who made the fraudulent statement, the time, place, and content of the misrepresentation, the resulting injury, and the method by which the misrepresentation was communicated."  2 James Wm. Moore et al., Moore's Federal Practice and Procedure § 9.11(2)(b)(i), at 9-36 (2007).

were, the factual allegations in their complaint would lack the specificity required under Rule 9(b).  Under questioning by the court, they eventually acknowledged that the claims against Ware sound in fraud, but asked the court for leave to re-plead their complaint with additional facts, if any exist, based on discovery materials that counsel had not had an opportunity to review since his recent appearance on behalf of the plaintiffs.[4]

### III. Conclusion

The motion to dismiss[5] is granted.  The plaintiffs concede that their claims are rooted in fraud, but do not survive the rigorous pleading standard applicable to such claims under Rule 9(b).  See Fed. R. Civ. P. 9(b).  Because the plaintiffs have already amended their complaint since Ware filed his motion to dismiss, there is little reason to believe that allowing an additional amendment will cure its deficiencies.  Nonetheless,

---

[4] Before switching arguments, the plaintiffs argued that the factual allegations against Ware are just as consistent with negligent conduct (which would only be subject to notice pleading) as they are with intentional conduct (which would be tantamount to fraud).  Had the plaintiffs not forsaken this argument, the court could have rejected it solely on the basis of Count 4; the civil conspiracy claim alleges that Ware and others "agreed to pursue the[] unlawful objectives" contained in the earlier counts. (Am. Compl. ¶66) (emphasis added).  Counsel for the plaintiffs, who first filed his appearance a month prior to the hearing, authored neither the complaint nor the amended complaint.

[5] (Document no. 5).

the case will temporarily remain open.  In the interim, the plaintiffs are granted leave until August 13, 2009 to amend their complaint with factual allegations that support the causes of action set forth in the amended complaint (as opposed to new causes of action) and that satisfy the requirements of Rules 8 and 9(b), and the attendant case law.  If a second amended complaint is filed, Ware need not move to dismiss or answer it until ordered to do so.  The court will review the second amended complaint <u>sua</u> <u>sponte</u> to determine whether it satisfies Rules 8 and 9(b).  A hearing will be held only if requested by Ware.

    **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 15, 2009

cc:  Steven M. Latici, Esq.
     Daniel E. Will, Esq.
     Jonathan M. Shirley, Esq.
     Leigh S. Willey, Esq.